UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RODNEY HARRIS,

        Petitioner,         Case Number: 2:15-CV-11122
                                      HON. GEORGE CARAM STEEH
   v.

DAVID BERGH,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Rodney Harris, a Michigan state prisoner currently incarcerated at the Thumb Correctional Facility in Lapeer, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He challenges his conviction for first-degree premeditated murder, Mich. Comp. Laws § 750.316.  Respondent has filed a motion for summary judgment, arguing that the petition should be denied because it is untimely. For the reasons stated herein, the Court finds the petition for a writ of habeas corpus is untimely and grants the Respondent's motion.  The Court also declines to issue Petitioner a certificate of appealability, and grants him leave to proceed on appeal *in forma pauperis*.

**I. Background**

Petitioner was convicted by a jury in Oakland County Circuit Court of first-degree premeditated murder.  On November 9, 1992, he was sentenced to life in prison.

-1-

Petitioner filed a timely claim of appeal in the Michigan Court of Appeals, but the Michigan Court of Appeals dismissed the appeal for lack of prosecution because Petitioner's attorney failed to file a timely appellate brief. *See People v. Harris*, No. 159431 (Mich. Ct. App. Oct. 10, 1994) (ECF No. 12-25). After several unsuccessful attempts in state court to restart the time for filing a timely direct appeal, Petitioner filed a petition for a writ of habeas corpus in this Court. The Court granted a conditional writ of habeas corpus, ordering the State to release Petitioner unless appointed counsel was provided for Petitioner and his appeal of right in the Michigan Court of Appeals was reinstated within sixty days. *Harris v. Booker*, No. 07-13250, 2008 WL 2999155 (E.D. Mich. Aug. 1, 2008), *amended by Harris v. Booker*, No. 07-13250, 2008 WL 3852244 (E.D. Mich. Aug. 18, 2008).

In accordance with the Court's order granting a conditional writ, the State court appointed counsel for Petitioner and reinstated his appeal of right. He raised these claims: (i) gruesome photographs of the victim at the scene and of the autopsy were improperly admitted; (ii) Petitioner was denied his right of confrontation; (iii) Petitioner was denied his right to present a defense; and (iv) insufficient evidence was presented to sustain the conviction. The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Harris,* No. 287724, 2010 WL 2925380 (Mich. Ct. App. July 27, 2010). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On December 20, 2010, the Michigan Supreme Court denied leave to appeal. *People v. Harris,* 488 Mich. 996 (Mich. 2010). The Michigan Supreme Court denied Petitioner's subsequent motion for reconsideration. *People v. Harris,* 488 Mich. 1052

(Mich. March 8, 2011).

On May 25, 2012, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. 3/25/15 Order, ECF No. 12-33. The Michigan Court of Appeals denied Petitioner's application for leave to appeal. *People v. Harris*, No. 318352 (Mich. Ct. App. March 6, 2014). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal on February 3, 2015. *People v. Harris*, 497 Mich. 951 (Mich. 2015). Petitioner filed the pending habeas petition on March 23, 2015. Respondent has filed a motion for summary judgment on the ground the petition was not timely filed.

## II. Discussion

### A.

A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home, Inc. v. Hoover Universal, Inc.*, 276 F.3d 845, 848 (6th Cir. 2002). The party opposing the motion then may not "rely on the hope that the trier

of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**B.**

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the expiration of the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); *Ege v. Yukins*, 485 F.3d 364, 371-72 (6th Cir. 2007). A properly filed application for state post-conviction relief, while tolling the limitation period, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

After his appeal of right was reinstated, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on December 20, 2010, and denied a motion for reconsideration on March 8, 2011. Petitioner had ninety days from the denial of his motion for reconsideration to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on June 6, 2011, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period commenced on June 7, 2011, and continued to run until Petitioner filed a motion for relief from judgment in the trial court on May 25, 2012. That motion, a properly filed motion for state-court collateral review, tolled the limitations period with 12 days remaining. *See* 28 U.S.C. § 2244(d)(2). The limitations period resumed running on February 4, 2015, the day after the Michigan Supreme Court denied Petitioner's application for leave to appeal. The limitations period continued running until it expired on February 16, 2015. The petition was filed on March 23, 2015, over one month after the limitations period expired.

Petitioner argues that the limitations period should be equitably tolled because he did not receive notice of the Michigan Supreme Court's February 3, 2015 order denying his application for leave to appeal until February 27, 2015, after the limitations

period already expired.  Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'"  *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), *quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000).  The one-year limitations period applicable to § 2254 is "subject to equitable tolling in appropriate cases."  *See Holland v. Florida*, 560 U.S. 631, 645 (2010).  To be entitled to equitable tolling, a petitioner must show: (1) "that he has been pursuing his rights diligently," and (2) "that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation omitted).  A claim of actual innocence may also justify equitable tolling in certain circumstances.  *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005).  A petitioner bears the burden of showing that he is entitled to equitable tolling.  *Robertson*, 624 F.3d at 784.

     Lack of notice of a state court decision can justify equitable tolling of the limitations period.  *Miller v. Collins*, 305 F.3d 491, 496 (6th Cir. 2002).  Here, however, Petitioner provides no support for his claim that he did not received notice of the Michigan Supreme Court's order until February 27, 2015.  In addition, Petitioner waited almost one month from the date he received notice of the decision to file his habeas corpus proceeding.  The claims raised in the petition are the same as those raised on direct appeal and collateral review.  The petition essentially combines the briefs submitted on direct appeal.  Thus, Petitioner was not delayed by the need to research and draft a petition raising new claims.  Even assuming that Petitioner did not promptly

receive the state court's order, he failed to act promptly once he did. He was required to act with due diligence to pursue federal habeas review and he did not. Accordingly, he is not entitled to equitable tolling on this basis.

Petitioner alternatively argues that his petition is not barred by the statute of limitations on the ground that he is actually innocent. A credible claim of actual innocence may equitably toll the one-year statute of limitations. *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). To determine whether a petitioner has satisfied the requirements for establishing a cognizable claim of actual innocence to warrant equitable tolling, the court applies "the same actual innocence standard developed in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851 (1995), for reviewing a federal habeas applicant's procedurally defaulted claim." *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir. 2007), *citing Souter*, 395 F.3d at 596. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. "The *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (citation omitted). A court presented with new evidence must consider it in light of "all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.*, 547 U.S. at 538 (citation omitted). "Based on this total record, the court must make 'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Id.* (*quoting Schlup*, 513 U.S. at 329).

This standard does not require absolute certainty about the petitioner's guilt or innocence:

> A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

*House*, 547 U.S. at 538.

To support his claim of actual innocence, Petitioner rehashes the evidence presented at trial and argues that if certain errors had not been made the result of the proceeding would have been different.  Petitioner fails to present any new evidence to support his argument.  His claim of actual innocence falls far short of that required to excuse the failure to timely file his habeas petition.

### III.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A district court must  "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306,

1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

## IV.  Conclusion

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, the Court GRANTS Respondent's Motion for Summary Judgment (ECF No. 8) and the petition for a writ of habeas corpus is DISMISSED. The Court DENIES a certificate of appealability. If Petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated:  March 24, 2016

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 24, 2016, by electronic and/or ordinary mail and also on Rodney Harris #227942, Thumb Correctional Facility, 3225 John Conley Dr., Lapeer, MI  48446.

s/Barbara Radke  
Deputy Clerk